UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK ANTHONY STEPHERSON, | |
| Plaintiff, | 22-CV-9202 (LTS) |
| -against- | ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND PRISONER AUTHORIZATION |
| DEBRA ANNE HAALAND, et al., | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Mark Anthony Stepherson proceeds *pro se*. He has pending criminal proceedings in the federal district court in Georgia, *United States v. Stepherson*, No. 21-CR-0507 (N.D. Ga.), in which he was recently found competent to stand trial. The district court in that criminal action struck from the docket numerous "filings by Mr. Stepherson or his uncle espousing frivolous sovereign citizen theories." *Stepherson*, No. 21-CR-0507 (ECF 59 at 3); *see also id.* (ECF 38 ("[T]hose documents were filed by an individual who is not authorized to practice law in this Court and may not represent Mr. Stepherson in this case.")).

Plaintiff's submission in this Court has two threshold deficiencies: (1) he did not pay the filing fees or submit an *in forma pauperis* (IFP) application and prisoner authorization form; and (2) this action was filed with a mailing address in Arizona, and it is unclear if Plaintiff Stepherson, who is detained at the Robert A. Deyton Detention Facility in Georgia, signed the complaint, or if it was filed by someone acting on his behalf.

A.  **Submission of Filing Fee or IFP Application and Prisoner Authorization**

To proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed IFP, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the

Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted the complaint without the filing fees or a completed IFP application and prisoner authorization. Within 30 days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit the attached IFP application and prisoner authorization forms. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 22-CV-9202 (LTS).[2] If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.[3]

Moreover, Plaintiff is cautioned that if a prisoner files an action or appeal that is dismissed as frivolous, malicious, or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file a new civil action IFP as

---

[1] The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[2] For purposes of the IFP statute, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law . . . ." 28 U.S.C. § 1915(h). If Plaintiff contends that he was not a prisoner, within the meaning of 28 U.S.C. § 1915(h), when he filed this action, he can submit an explanation to the Court.

[3] The Court also notes that an improper interlocutory appeal may be disregarded, and the filing of such an appeal from this order therefore does not affect the Court's ability to dismiss an action. *See United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) (deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that it did not divest the district court of jurisdiction).

a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.

**B.     Signature for Complaint**

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see also* Local Civil Rule 11.1(a).

Here, there is some question whether Plaintiff has signed and filed this complaint, or whether it was submitted by a non-attorney acting on his behalf.[4] Although Plaintiff appears to be detained in Georgia, the complaint was mailed using an address in Arizona, which was also used to file similar complaints in the names of other plaintiffs. *See, e.g.*, *Parker v. Haaland*, No. 22-CV-8107 (S.D.N.Y.); *Todd v. Eisele*, No. 22-CV-6968 (S.D.N.Y.).

Plaintiff is therefore directed, if he wishes to proceed with this action, to sign the attached declaration and submit it to the Court within 30 days of the date of this order. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff's address of record and to the following address: Mark A. Stepherson, BOP Register No. 80312-509, Robert A. Deyton Detention Facility, 11866 Hastings Bridge Road, P.O. Box 429, Lovejoy, GA 30250.

---

[4] Other documents similar to this complaint were submitted on Plaintiff's behalf in his criminal proceedings. *See Stepherson*, No. 21-CR-0507 (ECF 59 at 3); *see also id.* (ECF 38 ("[T]hose documents were filed by an individual who is not authorized to practice law in this Court and may not represent Mr. Stepherson in this case.")).

Within 30 days, Plaintiff must submit: (1) $402.00 in fees or the attached IFP application and prisoner authorization forms; and (2) the declaration form regarding his signature. All submissions must be labeled with the docket number 22-CV-9202 (LTS).

No summons shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  October 31, 2022
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge